IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA,
Newport News Division

| | |
|---|---|
| GORAN GLOBAL GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL GEEKS, INC., <br><br> Defendant. | Civil Action No.: 4:22cv7 <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R CIV. P
8(a)(1), 12(b)(1) AND 12(b)(6)**

COMES NOW DEFENDANT Global Geeks, Inc. and files its motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8(a)(1), 12(b)(1) and 12(b)(6) for failing to sufficiently plead facts showing subject matter jurisdiction. In support of this motion, Defendant respectfully submits its supporting brief.

**FACTS:**

1. Plaintiff's Complaint does not plead or reveal the identities, residency or citizenship of the member or members of the plaintiff limited liability company, Goran Global Group, LLC, The Complaint does not even attempt to state any claims under federal law to establish federal question jurisdiction.

**ARGUMENT AND AUTHORITIES:**

2. Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a plaintiff to plead in its Complaint a "short and plain statement of the grounds on which the court's jurisdiction depends."

3. Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure states "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction, (6) failure to state a claim upon which relief can be granted."

4. For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which any member of the company is a citizen.

5. Lack of subject matter jurisdiction is a defect which can be raised at any time, including by the Court *sua sponte* or of its own volition. Each court has a responsibility to review its own subject matter jurisdiction or the subject matter jurisdiction of the court whose decision it is reviewing.

6. Here, Plaintiff's Complaint does not plead or reveal the identities, residency or citizenship of the member or members of Goran Global Group, LLC. No federal law claim is stated to support federal question jurisdiction. Therefore, the Complaint does not provide or state sufficient facts to determine whether complete diversity of citizenship exists and has not sufficiently demonstrated or pled the existence of subject matter jurisdiction.

**CONCLUSION:**

7. In short, Plaintiff's Complaint should be dismissed for failing to plead or state sufficient facts or grounds to establish diversity jurisdiction or subject matter jurisdiction.

WHEREFORE, Plaintiff's Complaint should be dismissed for failing to plead or state sufficient facts to establish diversity jurisdiction or subject matter jurisdiction.

Respectfully Submitted This 24th Day of March, 2022:

By: __/s/ *Michael C. Whitticar*___
        Counsel

Michael C. Whitticar (VSB 32968)
155 Broadview Avenue, Suite 200
Warrenton, VA
Tel: (571) 386-2980
Fax: (855) 295-0740
Email: mikew@novaiplaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th Day of March, 2022, the motion to dismiss was filed with the Court's CM/ECF system and served on the following counsel of record by email:

Duncan G. Byers, Esq. Va. Bar No. 48146
PATTEN, WORNOM, HATTEN & DIAMONSTEIN
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Telephone: (757) 223-4500
Facsimile: (757) 249-1627
dbyers@pwhd.com cveals@pwhd.com
*Counsel for the Plaintiff, Goran Global Group, LLC*

                                                /s/ *Michael C. Whitticar*
                                                   Michael C. Whitticar