**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA,**
**Newport News Division**

| | |
|---|---|
| GORAN GLOBAL GROUP, LLC, | |
| Plaintiff, | Civil Action No.: 4:22cv7 |
| v. | |
| | **JURY TRIAL DEMANDED** |
| GLOBAL GEEKS, INC., | |
| Defendant. | |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO**
**FED. R CIV. P 8(a), 12(b)(1) AND 12(b)(6)**

COMES NOW DEFENDANT Global Geeks, Inc. and files its brief in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8(a)(1), 12(b)(1) and 12(b)(6) for failing to sufficiently plead facts showing subject matter jurisdiction.

**FACTS:**

1.      Plaintiff's Complaint does not plead or reveal the identities, residency or citizenship of the member or members of the Plaintiff limited liability company, Goran Global Group, LLC, The Complaint does not even attempt to state any claims under federal law to establish federal question jurisdiction.

**ARGUMENT AND AUTHORITIES:**

2.      Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a plaintiff to plead in its Complaint a "short and plain statement of the grounds on which the court's jurisdiction depends."

3. Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure states "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction, (6) failure to state a claim upon which relief can be granted."

4. For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *SFF-TIR, LLC v. Stephenson*, 2017 U.S. Dist. LEXIS 62790 (N.D. Ok. April 25, 2017). *See also* 13F. Charles Allen Miller et al., Federal Practice & Procedure: *Jurisdiction* § 3630 (3rd ed. 2017); *Gen. Tech. Applications, Inc. v. Exro LTDA*, 388 F.3d 114, 121 (4th Cir. 2004); *Harvey v. Grey Wolf Drilling Co.*, 592 F.3d 1077, 1080 (5th Cir. 2008).

5. Lack of subject matter jurisdiction is a defect which can be raised at any time, including by the Court *sua sponte* or of its own volition. Each court has a responsibility to review its own subject matter jurisdiction or the subject matter jurisdiction of the court whose decision it is reviewing. *Rolling Greens*, 374 F.3d at 1021.

6. Here, Plaintiff's Complaint does not plead or state the identities, residency or citizenship of the members of Goran Global Group, the Plaintiff LLC. No federal law claim is stated to support federal question jurisdiction. No mention of federal question jurisdiction is made in Plaintiff's Complaint. The Complaint does not provide or state sufficient facts to determine whether complete diversity of citizenship exists and has not sufficiently demonstrated or pled the existence of subject matter jurisdiction. *See Hall v. Backyard Leisure, LLC,* 2013 U.S. Dist. LEXIS ** 6-7 188922  (E.D. Va. 2013) (party failed to plead diversity jurisdiction where it did not specify "the names and citizenship" of the defendant LLC); *Veach v May Moody Northern,*

*Inc,.* 2016 U.S. Dist. LEXIS 194433 * 2 (W.D. Va. 2016) (*same*); *Agency Funding, LLC v Fillweber,* 2010 U.S. Dist. LEXIS 103408 *3 (W.D. Va. 2010) (amended complaint was insufficient because it failed "to provide information as to the identity and citizenship of each member of the respective LLCs"); *McDaniel v. Hinson,* 2010 U.S. Dist. LEXIS 114891 * 3 (W.D. Va. 2010) (pleading of diversity jurisdiction was insufficient because pleading failed "to provide information as to the identity and citizenship of each member" of the LLC's); *Business Loan Ctr., LLC v. Patel,* 2008 U.S. Dist. LEXIS136105 ** 4-5 (E.D. Va. 2008) (amended complaint was insufficient because it "does not identify the name of the sole member of the Defendant LLC or state whether that member is a natural person or a type of entity"); *Rolling Greens*, 374 F.3d at 1021-1022.

## CONCLUSION:

In conclusion, Plaintiff's Complaint should be dismissed for failing to plead or state sufficient facts to establish diversity jurisdiction or subject matter jurisdiction.

Respectfully Submitted This 24th Day of March, 2022:

By:  __/s/ Michael C. Whitticar___
              Counsel

Michael C. Whitticar (VSB 32968)
155 Broadview Avenue, Suite 200
Warrenton, VA
Tel: (571) 386-2980
Fax: (855) 295-0740
Email: mikew@novaiplaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th Day of March, 2022, the foregoing brief in support was

filed with the Court's CM/ECF system and served on the following counsel of record by email:


Duncan G. Byers, Esq.Va. Bar No. 48146
PATTEN, WORNOM, HATTEN & DIAMONSTEIN
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Telephone: (757) 223-4500
Facsimile: (757) 249-1627
dbyers@pwhd.com
cveals@pwhd.com
*Counsel for the Plaintiff, Goran Global Group, LLC*

/s/   *Michael C. Whitticar*
Michael C. Whitticar
