**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA,
Newport News Division**

GORAN GLOBAL GROUP, LLC,

     Plaintiff,

v.                                      Civil Action No.: 4:22cv7

GLOBAL GEEKS, INC.,

## AMENDED COMPLAINT

Comes now Goran Global ("Goran") by counsel, and for its Complaint against defendant Global Geeks, Inc. ("Global") states as follows.

### NATURE OF THE ACTION

1.     This is a civil action for breach of contract, fraud in the inducement, and related claims.

2.     These claims arise out of a scheme to defraud the Plaintiff Goran Global Group, LLC ("Goran"), and cause Goran to enter into agreements to purchase goods promised to be of a particular type, quality without providing the goods as promised, as well as breach of contract for violating the terms of the agreement entered into between Goran and Global.

3.     As a result of the fraud in the inducement and breach of the commercial sales agreements, Goran has been monetarily damaged.

### PARTIES

4.  Plaintiff Goran Global Group, LLC. ("Goran Global") is a Virginia corporation with its principal office location at 13 Gayle Street, Hampton, Virginia 23669.

5.   Defendant Global Geeks, Inc. ("Global Geeks") is a corporation registered in New Jersey, with its principle office location at 1256 North Church Street, Suites 3 & 4, Moorestown, NJ 08057.

6.   No member of Goran Global is a citizen of New Jersey where Global Geeks is a citizen.

## JURISDICTION AND VENUE

7.   This Court has subject matter jurisdiction under 28 USC § 1332 as there is complete diversity among the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).  No member of Goran Global is a citizen of New Jersey where Global Geeks is a citizen; the sole member of Goran Global is a citizen of Virginia.

8.   Venue is proper in this district under 28 USC § 1931 as defendant transacts business in this venue and in which a substantial part of the events giving rise to the cause of action occurred.

## BACKGROUND

9.   Goran Global Group, LLC is a Virginia Limited Liability Company in the business of buying and reselling electronic equipment such as cellular telephones to second-hand markets.

10. Global Geeks, Inc. is a New Jersey corporation formed in 2005 which holds itself out to be a wholesale supplier of refurbished and/or used electronic equipment such as cellular telephones.

11. Goran contracted with Global to provide high-quality used cell phones of particular quality, type, and color to clients of Goran.

12. Despite promises as to the quality and color of the phones ordered, Global twice filled orders with sub-grade phones of the wrong colors.

13. Goran has been damaged in an amount not less than $1,425,185.00 including the cost of the phones paid to Global and the lost contract revenue from clients of Global.

## FACTS

14. On August 1, 2019, Goran entered into a four-year contract (the "WSHA Contract") with WSHA Phone Company ("WSHA") wherein Goran would provide WSHA with used cell phones.  A true and accurate copy of the WSHA Contract and an English translation of the WSHA Contract is attached herein as Exhibit 1.

15. Refurbished cell phones are graded on a scale that runs from A (very good) to C (average).  Phones with an A/B grade are tested, and are not bent or have any deep scratches or dents.

16. In order to fulfill the WSHA Contract, Goran contracted with Global to provide direct shipments of phones meeting the requirements of Goran and its client WSHA, which included the requirement that all phones provided be of A/B grade, have no parts removed or replaced, along with meeting Goran's color requirements.

17. Goran asked for a written contract and Global refused.

18. Global knew of the WSHA Contract and its terms, specifically the type, grade, and color of cell phone required to fulfill the WSHA Contract.

19. Global promised that it could indeed meet the needs for the type, grade, and color of phones to be sent to WSHA.

20. Global also agreed that it would provide Goran:

    a.   A 30 day warranty;

    b.   Delivery of phones that had not had internal parts changed;

    c.   2-3 day shipping to Goran's clients; and

     d.   A credit or replacement on any devices that did not meet Goran's requirements.

     e.   The phones were to be used and not refurbished.

Global failed meet each and every of the above agreed terms.

21. The first order made by Goran in August of 2019 was for 300 A/B quality 64 GB iPhones.  Including shipping costs of $500.00, Goran paid Global $123,500.00 for the first order. *See* invoice dated August 21, 2019, attached as Exhibit 2.

22. Global promised to provide a detailed description of the order and/or have Goran physically inspect the phones.  Global was specifically directed by Goran not to ship the phones without prior approval.  Despite that, the first shipment was sent without review or approval by Global.

23. The phones that were delivered to WSHA for that first order were 1) a week and a half late; 2) not A/B grade phones; and 3) included colors that Goran specifically directed not to be included in the shipment.  WSHA refused the phones and Goran lost a $250,000.00 payment from WSHA for that order.

24. Goran raised the problem with Global and was promised a credit back for the rejected shipment.  To date, Goran has never received the promised repayment.

25. Goran, discussed the problems with Global and received assurances that there would be no further problems.  To ensure this, Goran met with representatives of Global in West Berlin, New Jersey on October 9, 2019.  During that visit, Goran was physically presented with iPhones that Global represented would be the iPhones that would be used to fill his order. Global presented to Goran a group of iPhones showing no damage or scratches, and represented to Goran that these were B/C grade phones that would be used to fulfill the order.  Goran was also shown 50 gold-colored iPhones and was told that they would be part of the shipment.  Goran

recorded video of that meeting and of the phones represented as being part of the order fulfillment.

26. To fulfill the new order, Goran was billed $111,685.00. See invoice dated October 4, 2019, attached herein as Exhibit 3.

27. Despite those representations, Global once again delivered phones that 1) did not match the promised grade and 2) were the incorrect colors.

28. Despite three attempts to have Global resolve the problem, Global refused to correct the problems and has failed to refund the money to Goran.

29. As a result, Goran has suffered significant damages and has no adequate remedy at law.

**COUNT I**

**BREACH OF CONTRACT**

30. Goran hereby realleges and incorporates by reference the allegations of preceding paragraphs as if fully set forth herein.

31. Global agreed to provide used cell phones to Goran according the terms identified above.

32. Global was paid a total of $235,185.00 on two separate orders for used cell phones of particular types, grades, and colors.

33. On both orders, Global provided non-conforming cell phones.

34. Global has refused to refund the money paid to it, and has never replaced the cell phones with conforming cell phones.

35. As a result, Goran has been damaged in an amount not less than $235,185.00.

## COUNT II

## TORTIOUS INTERFERENCE WITH CONTRACT

36. Goran hereby realleges and incorporates by reference the allegations of preceding paragraphs as if fully set forth herein.

37. Goran had a valid contractual relationship with WSHA.

38. Global knew of the contractual relationship and Goran's expectancy related to it.

39. Global intentionally interfered with that contract by intentionally providing non-conforming goods to WSHA.

40. As a result of that intentional interference, the contract was breached and Goran has been damaged.

41. Global employed improper methods to interfere with the contract between Goran and WSHA, particularly through the use of fraud, misrepresentation, and deceit in fraudulently inducing Goran to contract with Global, misrepresenting the types and quality of the cell phones that Goran was purchasing for sale to WSHA, and by deceiving Goran into believing that his orders were being filled as promised.

42. As a result, Goran has been damaged in an amount not less than one million two hundred thousand dollars ($1,200,000.00).

## COUNT III

## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

43. Goran hereby realleges and incorporates by reference the allegations of preceding paragraphs as if fully set forth herein.

44. Goran had a business relationship and expectancy with WSHA with a probability of future economic benefit to Goran.

45. Global knew of the expectancy.

46. Global employed improper methods to interfere with the relationship between Goran and WSHA, particularly through the use of fraud, misrepresentation, and deceit in fraudulently inducing Goran to contract with Global, misrepresenting the types and quality of the cell phones that Goran was purchasing for sale to WSHA, and by deceiving Goran into believing that his orders were being filled as promised.

47. It is reasonably certain that, absent Global's intentional misconduct, Goran would have continued in the relationship and realized the expectancy.

48. As a result, Goran has been damaged in an amount not less than one million two hundred thousand dollars ($1,200,000.00).

## COUNT IV

## VIOLATIONS OF THE VIRGINIA COMMERCIAL CODE,

## VA. CODE ANN. § 8.2 – 101 *et seq.*

49. Goran hereby realleges and incorporates by reference the allegations of preceding paragraphs as if fully set forth herein.

50. Global agreed to provide cell phones of particular type, condition, and color for which it would be paid by Goran.

51. Despite that agreement, Global provided nonconforming cell phones to Goran.

52. Goran timely rejected the nonconforming cell phones and demanded that Global make him whole.

53. Despite that timely rejection and demand, Global has failed to remedy either by providing conforming goods or refunding the money to Goran.

54. Goran has been monetarily injured by Global's intentional failure to provide conforming goods.

## COUNT V

## BREACH OF WARRANTY OF MERCHANTABILITY

55. Goran hereby realleges and incorporates by reference the allegations of preceding paragraphs as if fully set forth herein.

56. The purchase of cell phones by Goran from Global included not just an implied warranty of merchantability, but their agreement was based upon an actual warranty of merchantability.

57. In particular, Global warranted that it would provide cell phones of particular types, condition, and color.

58. Global breached both the implied and actual warranties of merchantability by providing cell phones that did not meet the merchantability requirements as agreed to by Global.

59. Goran has been injured by Global's breaches of the actual and implied warranty of merchantability.

## COUNT Vi

## FRAUD IN THE INDUCEMENT

60. Goran hereby realleges and incorporates by reference the allegations of preceding paragraphs as if fully set forth herein.

61. As recited herein, Global made material representations as to the type, condition, and color of cell phones being provided to Goran both prior to entering into the agreement to provide phones to Goran as well as during the in-person meeting a representation was made.

62. Those material representations were false and, when made, Global knew that the representation was false or Global made the statement recklessly without knowledge of its truth.

63. The fraudulent misrepresentations were made by Global with the intention that Goran would rely on them.

64. Goran relied upon the fraudulent misrepresentations made by Global in sending payment to Global for the delivery of what Goran thought would be phones that met the type, condition, and color requirements as promised.

65. Global's acts as recited herein were done both willfully and wantonly and/or with a reckless disregard for the truth.

66. Goran suffered harm as a result of the fraudulent misrepresentations in that Goran lost the money fraudulently obtained by Global as well as the value of Goran's contract with WSHA.

## PRAYER FOR RELIEF

WHERFORE, Goran Global Group, LLC prays for judgment against Global Geeks, Inc and for the following relief:

1) Damages in an amount not less than one million four hundred thirty five thousand one hundred and 85 dollars ($1,435,185.00);

2) A finding that the material misrepresentations made by Global Geeks, Inc., were made willfully and wantonly and/or with a reckless disregard for the truth;

3) Punitive damages in an amount to be determined at trial;

4) An award of attorneys fees and costs; and

5) Other such relief as the Court may deem proper.

JURY TRIAL DEMANDED

**GORAN GLOBAL GROUP, LLC.**

/s/ Duncan G. Byers
Of Counsel
Duncan G. Byers, Esq.
Va. Bar No. 48146
PATTEN, WORNOM, HATTEN &
DIAMONSTEIN
12350 Jefferson Avenue, Suite 300
Newport News, VA  23602
Telephone:     (757) 223-4500
Facsimile:      (757) 249-1627
dbyers@pwhd.com
cveals@pwhd.com
*Counsel for the Plaintiff, Goran Global Group, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 7th day of April, 2022, I have caused to be electronically filed this
Amended Complaint with the CM/ECF system, which will provide electronic notice to:

Michael C. Whitticar (VSB 32968)
155 Broadview Avenue, Suite 200
Warrenton, VA
Tel: (571) 386-2980
Fax: (855) 295-0740
Email: *mikew@novaiplaw.com*
*Counsel for Defendant*

/s/ Duncan G. Byers
Of Counsel
Duncan G. Byers, Esq.
Va. Bar No. 48146
PATTEN, WORNOM, HATTEN &
DIAMONSTEIN
12350 Jefferson Avenue, Suite 300
Newport News, VA  23602
Telephone:     (757) 223-4500
Facsimile:      (757) 249-1627
*dbyers@pwhd.com*
*cveals@pwhd.com*
*Counsel for the Plaintiff, Goran Global
Group, LLC*